This is an appeal from a final judgment of the Law Division of the Superior Court of New Jersey, County of Bergen, dismissing the plaintiffs' suit to vacate and set aside an ordinance of the Borough of River Edge, passed February 21, 1949, and published as required by law, February 24, 1949.
On March 7, 1949, the plaintiff, through counsel, requested the Mayor and Council to amend this ordinance. The Mayor informed the plaintiffs' counsel that his request would be taken under advisement, but no action was taken by the governing body to vacate or amend said ordinance. On March 28th, the Council by resolution decided to sustain its former action of February 21, 1949, and on April 14, 1949, the plaintiff filed a complaint to vacate and set aside the ordinance known as "Ordinance No. 347."
On May 10, 1949, pursuant to a motion for judgment on the pleadings, the Law Division of the Superior Court of the County of Bergen, ordered a judgment of dismissal to be entered in favor of the defendants, and from that order, the plaintiff appeals.
The court based its decision on the fact that the proceedings were not commenced within the time required after the accrual of such review, hearing or relief, as required by chapter 381 of the laws of 1948. The said act provides as follows:
(1) "No proceeding for review, hearing or relief in lieu of prerogative writ shall be commenced unless it shall be commenced within 30 days of the accrual of the right to such review, hearing or relief, except as provided in any other law or by rules of the Supreme Court.
(2) "This act shall take effect, September 15th, 1948."
It is admitted by the appellant that their suit was filed after the period as set forth in R.S. 2:80-7 (chapter 381 — Laws
1948), had expired, but their contention is that sometime before the expiration of the 30 days limitation in the statute, *Page 30 
counsel had asked the Mayor and Council to reconsider the ordinance, and had been told by the Mayor alone, that he would reconsider. However, nothing was done, as far as this request was concerned until after the time for the filing of the appeal had expired. At that time, or on March 30th, the plaintiff received a notice from the Mayor and Council that they had given further consideration to a request to reconsider the ordinance and had unanimously resolved that its action of February 21, 1949, be sustained.
The only question involved in this appeal is whether or not the application for an amendment would stay the running of the limitation set forth in the statute. We think it would not. The Mayor would have no authority and could not bind the governing body, even if he had attempted to do so. (Anschelewitz v.Belmar, 2 N.J. 178, 65 A.2d 825.)
The appellants were required to protect themselves by bringing their suit within the statutory period.
We think that the statute precludes the bringing of such action after the time specified in the said statute and that this provision was binding upon the court below. This being so, we find no error in the granting of the judgment of dismissal. The finding and conclusion of the court will be affirmed.